**AMERIKA SAMOA BANK, Plaintiff**

**v.**

**ERIC GROVES, Doing Business as
Groves Service Station, and ARTHUR MEREDITH,
Defendants**

High Court of American Samoa
Trial Division

CA No. 49-88

June 29, 1993

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, William H. Reardon
      For Defendant Eric Groves, Asaua Fuimaono

Order Denying Motions for Reconsideration or New Trial and for Stay of Execution:

The motion by defendant Eric Groves ("defendant") for reconsideration or new trial came regularly for hearing on June 14, 1993. His motion for a stay of execution, which had been scheduled for hearing on June 16, 1993, was also heard upon counsel's stipulation.

Defendant has cited as error the admission in evidence of two documents, a general power of attorney and a promissory note, together with the attached loan-disbursement instruction and receipt ("loan disbursement"), which are key to the judgment against him. The power of attorney gave defendant's daughter, Lorina Meredith ("Lorina"), authority to obtain the loan from plaintiff Amerika Samoa Bank ("ASB"). The promissory note, with the loan-disbursement instruction and receipt, memorialized this indebtedness to ASB. Both of the admitted documents are photocopied duplicates.

## I. *Power of Attorney*

Defendant challenged the power of attorney by claiming that a genuine question was raised as to the original's authenticity, and under that circumstance evidentiary admission of the duplicate was unfair to him. Thus, authenticity, specifically the genuineness of defendant's signature, became the issue as to this document during the trial.

Indeed, under T.C.R.Ev. Rule 1003, while duplicates are generally admissible in lieu of originals, genuinely contested authenticity requires production of the original document. Mere assertion, however, does not create a genuine question. Defendant relied on his answer to the first question, which pertained to defendant's signature on the power of attorney, in ASB's request for admissions: "The signature appears to be mine but I contest the contents of this document."

While not totally unambiguous in and of itself, this answer is reasonably interpreted as defendant's admission of the genuineness of his

78

signature on the power of attorney. Moreover, defendant's answers to the third and fourth questions in the request for admissions unambiguously admit that he signed two other documents. When the signatures on the three documents are compared, a recognized means of authentication by the court as the trier of fact under T.C.R.Ev. Rules 901(a) and (b)(3),[1] the genuineness of defendant's signature on the power of attorney is evident.

Urging the original's availability to ASB, defendant has also now argued in his motion that T.C.R.Ev. Rule 1004 limits the admissibility of photocopied duplicates to situations in which the original cannot be produced. This argument overlooks the preferential rather than exclusionary nature of the rules on the production of documents. The rules are aimed at obtaining the best available evidence when the contents of a document are intimately related to governing issues but not at hamstringing the presentation of a party's case. *See* the discussion on underlying policy in *McCormick on Evidence* § 237, at 570 (E. Cleary 2d ed. 1972).

T.C.R.Ev. Rule 1004 provides guidelines for the use of other evidence of the contents of a document upon a showing of the practical unobtainability of preferred evidence. Photocopied duplicates are accurate and implicitly minimize, and usually eliminate, error, and thus, they are substantially given the status of originals by T.C.R.Ev. Rule 1003. *See* the Advisory Committee's Notes on the 1972 proposed, comparable Fed. R. Ev. Rules 1001(4) and 1003 in *Federal Civil Judicial Procedure and Rules*, at 372 and 373 (West, rev. ed. 1991). T.C.R.Ev. Rule 1004 does not override that status.

The photocopy duplicate of the power of attorney was properly admitted in evidence.

## II. *Promissory Note*

Defendant's principal argument on the inadmissibility in evidence of the promissory note and loan disbursement is based on lack

---

[1] This approach is consistent with 28 U.S.C. § 1731: "The admitted or proved handwriting of any person shall be admissible for purposes of comparison, to determine genuineness of other handwriting attributed to such person."

of adequate foundation established for admission as an exception to the hearsay rule.

The applicable exception to the hearsay rule pertains to records of regularly conducted activity, as set forth in T.C.R.Ev. Rule 803(6). Under this exception, any writing made as a record of acts, events, conditions, opinions or diagnoses may be admitted in evidence, when offered to prove those acts, events, conditions, opinions, or diagnoses, if the writing: (a) was made at or near the time of the acts, events, conditions, opinions, or diagnoses recorded; (b) was made by, or from information transmitted by, a person with knowledge; (c) is kept in the course of a regularly conducted activity; and (d) was made as the regular practice of that activity. These criteria must be shown by the testimony of the custodian of the writing or other qualified witness. The writing will be rejected if the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

The foundational witness for the promissory note and loan disbursement was ASB's senior loan-collection officer, who was certainly qualified to testify about ASB's loan-making policies and practices. His testimony persuasively confirmed the facial appearance of the promissory note and loan-disbursement instruction and receipt, both dated August 15, 1986, that these documents and the loan were made as contemporaneous events by or at the direction of ASB employees who processed the loan transaction. Further, as a banking institution, ASB regularly did and still does make loans and require the promissory note and loan-disbursement documents as an integral part of such transactions. Nothing in evidence suggests any untrustworthiness about these documents.

Since the borrower was identified in the promissory note and loan disbursement as Groves Service Station and the signatures on these documents were not legible, authenticity of the originals of these documents was also at some issue. ASB dealt with this question by presenting an original promissory note and loan-disbursement instruction and receipt for a separate loan by ASB to defendant Arthur Meredith and Lorina, his wife. Their signatures on these second loan documents are clearly the same as the signatures on the Groves Service Station loan documents. These second loan documents were equally admissible as records of regularly conducted activity and satisfactorily authenticated the promissory note and loan disbursement at issue.

The photocopy duplicates of the promissory note and loan disbursement were also properly admitted in evidence.

80

### III. *Stay of Execution*

There are no legitimate issues on appeal in this action. The injustice involved would be to further prolong ASB's opportunities to satisfy the judgment. Thus, a stay of execution is inappropriate.

### IV. *Orders*

The motions for reconsideration or new trial and for stay of execution are denied.

It is so ordered.